## McMahon v. Robinett, et al.

(Decided January 9, 1919.)

### Appeal from Boyd Circuit Court.

1. Boundaries—Evidence—Sufficiency.—In an action to enjoin trespass, evidence, as to the location of a disputed boundary line, held to sustain the chancellor's findings.

2. Trespass — Damages — Finding — Allowance — Excessiveness. — Where, in an action to enjoin trespass and to recover damages, it appeared that defendant had entered upon the land of plaintiff, dug four post holes, tore down and removed some fencing, cut down one shade tree and injured another, an allowance of $50.00 damages was not excessive.

JOHN W. WOODS for appellant.

R. S. DINKLE and JOHN F. COLDIRON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellant, Michael McMahon, and appellees, Nelson Robinett and others, own adjoining farms. The farm of appellees, which lies to the south, cuts off appellant's farm from the public highway. Appellant has a passway extending through the property of appellees. Conceiving the idea that his line extended into appellees' barn lot and back yard, far enough to permit him to change the passway so that it would pass over his own land, appellant began to set his fence further down, and to build a passway, over what he claimed was his land, to the public highway. Thereupon appellees brought this action to enjoin him from doing so and to recover damages for trespass. The lands were surveyed and the surveyor located the dividing line between the two farms. Appellees filed an amended petition alleging that the line fixed by the surveyor was the true line. It appeared that about 35 years ago, appellant had constructed a rail fence between the two farms. Ten or twelve years ago, he constructed a post and rail fence several feet below the old rail fence. About a year ago, appellees built a wire fence very close to the line of the post and rail fence. Appellant pleaded adverse possession of the land between the line established by the surveyor and the wire fence, which he claimed to have had enclosed.

On final hearing the chancellor adjudged that the line fixed by the surveyor was the true line between the two farms, and enjoined the appellant from trespassing below that line. At the same time he adjudged appellant a passway over appellees' land, and further adjudged that the two gates then across the passway should be maintained, one at the expense of appellant and the other at the expense of appellees, and that appellant should close the gates after using them. It was further decreed that

appellees recover their costs and·damages for trespass in the sum of $50.00. From that judgment this appeal is prosecuted.

It is insisted that the evidence shows that the old rail fence was located along the line now occupied by the wire fence, and that appellant should have been adjudged the land between this line and the line fixed by the surveyor, because it had been in the adverse possession of appellant for many years in excess·of the statutory period. After a careful consideration of the evidence, we conclude that the old rail fence was located some ten or twelve feet above the wire fence, and while the line located by the surveyor may be a little above the old rail fence, the difference, if any, between the two locations is so slight, and the evidence as to the precise location of the rail fence so indefinite, that we see no reason to disturb the finding of the chancellor.

The record discloses that appellant entered upon land of appellees, dug four post holes, tore down and hauled away some fencing, cut down one tree and injured another tree, which furnished shade to appellees' lot. In view of these trespasses we cannot say that damages in the sum of $50.00 were excessive.

Judgment affirmed.